## NEW YORK TELEPHONE CO. v. UNITED STATES.

### No. 257.

Circuit Court of Appeals, Second Circuit.

June 1, 1943.

Frank A. Fritz, of New York City (Earle M. Simonson, of New York City, of counsel), for appellant.

Norman M. Littell, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson and Roger P. Marquis, Attys., Department of Justice, both of Washington, D. C., for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This appeal brings up for review an order entered in a condemnation proceeding brought by the United States to acquire land for the development of aviation facilities at Floyd Bennett Field in the Borough of Brooklyn. The proceeding was instituted on January 2, 1942, by the filing of a declaration of taking, the deposit in the registry of the court of the money stated therein as the estimated just compensation to be made, and the filing of a notice and petition in condemnation to acquire the fee simple title "subject to existing public utility easements." On the same day a judgment on the declaration of taking was entered directing delivery of immediate possession of the described land to the United States. Subsequently there was filed an amended petition in condemnation, which set forth with greater particularity the description of the property to be condemned and the names and addresses of the reputed owners and other persons entitled to compensation. A judgment of condemnation was entered on December 7, 1942. New York Telephone Company is a public utility and had public utility easements in the lands condemned. Neither the declaration of taking nor the original or amended petition in condemnation named it as a party to the proceeding. However, it filed a notice of appearance on May 6th and a claim for compensation on October 20th. Thereupon the United States moved to strike its notice of appearance and claim as insufficient in law. The motion was granted by an order entered on December 24, 1942. This is the order from which the Telephone Company has appealed.

The appellant's claim alleged that for many years prior to the institution of this condemnation proceeding it had owned, maintained and operated within the limits of the condemned property certain necessary fixtures and equipment consisting of underground ducts, cables, manholes and appurtenances; that upon the acquisition of title to the condemned land (Parcel No. 1) the "petitioner-plaintiff demanded and procured the immediate possession thereof to the uses and purposes of this proceeding, and the claimant, upon like demand of said petitioner-plaintiff, and subsequent to the date of said acquisition herein of said Parcel No. 1 accordingly removed" certain of its manhole covers, ducts and cables; and that such removal rendered valueless its entire "Flatbush Avenue-Neponsit Un-

derground and Submarine Telephone Line," which extended beyond Parcel No. 1, and necessitated relocating its lines on substituted routes. It was further alleged that the fair and reasonable value of the appellant's physical property located within the condemned Parcel No. 1 is estimated to be $28,271, and the damage, less estimated realized salvage, suffered as a result of the necessary relocation of its lines is $68,300.

■ The question presented lies within a very narrow compass. The proceeding rests upon a declaration of taking signed by the acting Secretary of the Navy. Upon the filing of such a declaration and the deposit in the court of the estimated compensation, title to the lands "in fee simple absolute, or such less estate or interest therein as is specified in said declaration" vests in the United States. 40 U.S.C.A. § 258a. In the case at bar the declaration specified that the estate taken "is in fee simple, subject to existing public utility easements, if any." The judgment of condemnation likewise provided that the title taken was "subject to existing public utility easements." It seems obvious that the rights and physical equipment of the Telephone Company were excluded from the condemnation. The appellant's argument that the lack of specific description of the existing public utility easements vitiates their exclusion is not persuasive; nor has authority been cited which supports it. Certainly the "subject to" phrase in the declaration of taking and the petition in condemnation was enough to give notice to the appellant that its easements were not being taken and that the compensation deposited in the court had not been estimated with reference to them. Moreover, as counsel for the United States points out, the reverse procedure of taking fee simple title in the first instance and later excluding utility easements which will not interfere with the governmental project would give rise to difficulties. See United States v. Sunset Cemetery Corp., 7 Cir., 132 F.2d 163; United States v. 16,572 Acres of Land, D.C.S.D.Tex., 45 F.Supp. 23. Since the appellant's rights were not condemned, no compensation can be awarded in this proceeding and consequently its notice of appearance and claim were properly stricken.

■ It is urged that under the circumstances alleged in the claim, namely, the appellant's removal of its equipment upon demand of the United States, it is fictional to say that its property was not taken. But the Government's liability for compensation to be awarded herein is limited by the statute authorizing the proceeding. Cf. United States v. Shingle, 9 Cir., 91 F.2d 85, 89, certiorari denied, 302 U.S. 746, 58 S.Ct. 264, 82 L.Ed. 577; Kanakanui v. United States, 9 Cir., 244 F. 923; Carlisle v. Cooper, 2 Cir., 64 F. 472. There is no suggestion that the declaration of taking has been amended. Without that the allowance of compensation herein would be unauthorized. This is not to say that the appellant is without remedy. If the unnamed governmental agent to whose demand the Telephone Company yielded was authorized to make such demand it may be that a claim for the property appropriated can be successfully prosecuted in the Court of Claims, or, if the demand was unauthorized, that the agent may be compelled to respond in damages personally. Cf. United States v. North American Transp. & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935. But these are questions which do not arise in the present proceeding and could not be determined on the present record.

Order affirmed.