## UNITED STATES v. 1.94 ACRES OF LAND, MORE OR LESS, et al.

### No. 1137.

District Court, M. D. Pennsylvania.

Aug. 7, 1943.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the United States.

Harry S. Knight (of Knight & Kivko), and J. P. Carpenter (of Carpenter & Carpenter), both of Sunbury, Pa., for the trustee.

Clarence P. Wynne, of Scranton, Pa., trustee of Moorhead Knitting Co., Inc.

F. Brewster Wickersham and Oscar Wickersham, both of Harrisburg, Pa., for bondholders protective committee.

Paul L. Hutchison, of Harrisburg, Pa., for committee of preferred stockholders.

Samuel Wilson, of Harrisburg, Pa., for debenture holders committee and common creditors.

Robert Rosenberg, of Harrisburg, Pa., for creditors.

JOHNSON, District Judge.

This is a condemnation proceeding by the United States of America against a certain improved parcel of land held by a trustee in bankruptcy during reorganization under Chapter X of the Bankruptcy Laws. 11 U.S.C.A. § 501 et seq.

The facts are as follows: The Moorhead Knitting Company, Inc., on the 19th day of June, 1941, filed in this Court its petition under the Bankruptcy Laws to No. 10280 in Bankruptcy, praying for reorganization under Chapter X of the said Bankruptcy Laws.

The Bankruptcy Court thereupon acquired and assumed jurisdiction of all the property, assets, and estate of the said Moorhead Knitting Company, Inc., and appointed, on the 24th day of June, 1941, Clarence P. Wynne, as trustee in bankruptcy to administer said estate with direction and authority to proceed to reorganize said corporation, under, by virtue of, and subject to Chapter X of the said Bankruptcy Statutes of the United States of America and under the direction and control of the Court. The trustee accepted said trust and was duly qualified and is acting under said appointment.

Under the said order of court a reorganization plan, within the terms and scope of the reorganization statutes, was presented to the Court by the trustee, and after hearing before a special master it was recommended for approval. After several minor amendments, the court subsequently referred said reorganization plan back to the special master, for approval by the creditors and parties in interest.

The said plan of reorganization contemplates and recommends that the said real estate be sold and the proceeds of said sale, with all other assets, be distributed amongst the corporation's creditors to pay and discharge its debts, including costs of administration.

The said property is now in the custody of the Court, under said plan, through its duly appointed administrative officer, Clarence P. Wynne, trustee, to complete the administration of the said estate in due form and orderly sequence in obedience to the mandates of said Chapter X of the said Bankrupt Laws.

The United States Government, the plaintiff herein, by and through a legally constituted departmental head submitted to this Court, in said bankruptcy proceeding, No. 10280 in bankruptcy, a proposed lease for a parcel of real property for the approval of the trustee, and the Court. Thereupon, the trustee presented a petition to the Court for the approval of the said proposed lease which was presented by the Government, and after due hearing, in open Court, of all parties in interest, including departmental Government representatives in support thereof, the Court decreed, inter alia, "Now February 3, 1943, it is ordered

and decreed that the petition this day filed, wherein the Trustee requests authorization to enter into a lease with the United States War Department for the property of the above debtor, located at the corner of Walnut and Cameron Streets in the City of Harrisburg, Pennsylvania, is hereby refused."

On February 13, 1943, the United States of America upon petition of Frederick V. Follmer, United States Attorney in and for the Middle District of Pennsylvania, presented a petition, on the part of the United States of America to Civil Docket Number 1137, in the said District Court under the eminent domain statutes, for the condemnation of the property described in the formerly proffered lease, and requested the appointment of viewers for the purpose of assessing damages for the taking of the property, and the Court thereupon entered a peremptory order authorizing the Secretary of War of the United States of America to take immediate possession of the land sought to be condemned, giving to petitioner also the right to use and occupy the lands for a term ending June 30, 1943, and for such additional yearly periods during the present emergency as may, at the election of the Secretary of War, signified by the giving of sixty days' notice prior to the end of the original or any subsequent terms, be required, together with and including all buildings and improvements thereon and appurtenances thereunto belonging; and also authorizing immediate entrance and the taking of full possession of said lands and appurtenances with the right to occupy, use, and improve the same, and the right to proceed with such public works thereon as have been authorized by law and as are set forth in the petition for condemnation. The order was made returnable for Monday, March 29, 1943, at 10 o'clock A. M., and subsequently continued to May 5, 1943, at 2 P. M.

The trustee filed a demurrer to said petition and order and moved for the dismissal and discharge of said petition and order, also a petition for a rule praying for the following relief:

1. "That the Court issue a rule to show cause why the order upon said petition of the United States Government, filed to No. 1137, Civil, praying for the condemnation of the real estate therein described, late the property of Moorhead Knitting Company, Inc., and now in the possession and control of the United States Court for the Middle District of Pennsylvania, to No. 10280 In Bankruptcy, and being administered by Clarence P. Wynne, Trustee, under the control of said Court, and all proceedings thereon should not be vacated and set aside, and the possession and custody of said real estate be returned to Clarence P. Wynne, Trustee as aforesaid.

2. "That a place, day and time be fixed for hearing upon said petition and respondent's answer and thereupon a determination of the allegations and representations therein contained and the questions raised.

3. "That the Court thereupon dismiss the said petition filed by the United States Government to No. 1137 Civil, and that all proceedings thereunder be set aside and discharged, and the possession and custody of said estate be returned to Clarence P. Wynne, Trustee as aforesaid."

A rule was thereupon granted, returnable March 29, 1943, at 2 o'clock P. M. The hearing of said rule and demurrer at the instance of the Government was continued to April 19 at 10 o'clock A. M. and subsequently to May 5, 1943, at 2 P. M.

By answer and joinder thereafter filed, the Bondholders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt; the Preferred Stockholders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt; the Debenture Holders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt, attempted to become parties to the proceeding under the rule to show cause above set forth, and subsequently the United States of America moved to strike the answers and joinders from the record. The proceedings under the motion were fixed for argument on May 5, 1943, and were heard together with the aforesaid rule to show cause.

Discussion of the motions to strike will be postponed herein until determination of the more important question involved.

The first paragraph of the petition for condemnation signed by the United States attorney in and for the Middle District of Pennsylvania, and verified by the Assistant United States Attorney, reads as follows: "The petition of the United States of America, a sovereign, brought by Frederick V. Follmer, United States Attorney in and for the Middle District of Pennsylvania, acting under the instructions of the Attorney General of the United States of America, and at the request of the Secre-

tary of War of the United States of America, respectfully shows to the Court:—"

The petition for condemnation further states that the Secretary of War of the United States has determined condemnation of the premises affected to be expedient and necessary and the condemnation proceedings are for the purpose of effecting "the right to use and occupy the premises for a term ending June 30, 1943, and for such additional yearly periods during the present emergency as may at the election of the Secretary of War, signified by the giving of sixty days notice prior to the end of the original or any subsequent terms, be required, in and to said lands, together with and including all buildings and improvements thereon and appurtenances thereunto belonging."

By notice filed April 30, 1943, and duly served on all interested parties, the Government gave notice of the election of the Secretary of War that the aforesaid taking or condemnation was to be for an additional period wherein the term is to end on June 30, 1944.

The contention of the parties to these proceedings will be briefly stated as follows:

On behalf of the trustee in bankruptcy it is the contention that inasmuch as a court of bankruptcy has taken jurisdiction of the affected property for the purpose of reorganization that this jurisdiction is exclusive and the Government must proceed within the limits of the bankruptcy proceedings to secure title for custody of the premises.

The Government contends that the Secretary of War has determined that this condemnation proceeding is "necessary and advantageous to the government." That the affected premises are for use in connection with the Middletown Air Depot, Pennsylvania, under the provisions of the Second War Powers Act, 50 U.S.C.A. Appendix, § 632, and that this action authorizes the extent of the taking proposed by the Government.

Section 2 of Title 2 of the Second Amendment of The War Powers Act, P.L. 507 of the 77th Congress, reads as follows: "Sec. 2. The Secretary of War, the Secretary of the Navy, or any other officer, board, commission, or governmental corporation authorized by the President, may acquire by purchase, donation, or other means of transfer, or may cause proceedings to be instituted in any court having jurisdiction of such proceedings, to acquire by condemnation, any real property, temporary use thereof, or other interest therein, together with any personal property located thereon or used therewith, that shall be deemed necessary, for military, naval, or other war purposes, such proceedings to be in accordance with the Act of August 1, 1888 (25 Stat. 357), (Title 40, §§ 257, 258), or any other applicable Federal statute, and may dispose of such property or interest therein by sale, lease, or otherwise, in accordance with section 1(b) of the Act of July 2, 1940 (54 Stat. 712) (Title 41, note preceding section 1). Upon or after the filing of the condemnation petition, immediate possession may be taken and the property may be occupied, used, and improved for the purposes of this Act, notwithstanding any other law. Property acquired by purchase, donation, or other means of transfer may be occupied, used, and improved, for the purposes of this section prior to the approval of title by the Attorney General as required by section 355 of the Revised Statutes, as amended." 50 U.S.C.A. Appendix, § 632.

It will be noted from a reading of the above section that the Secretary of War is authorized to acquire by condemnation "any real property, temporary use thereof, or other interest therein, together with any personal property located thereon or used therewith, that shall be deemed necessary, for military, naval, or other war purposes."

This taking of a leasehold interest therefore finds statutory authorization in the above War Statute.

The United States of America is at present engaged in the greatest undertaking in its history. Exerting every effort to supply its Allies with all the munitions of war, it has virtually become the arsenal of the United Nations. Our troops are scattered over the seven seas and today are locked in combat with the enemy on foreign soil. We are engaged in a tremendous world wide battle for our national existence.

Statutes enacted for the safety of our national existence termed War Power Acts must and shall be determined to be of paramount importance.

No other result can be reached unless it should be determined that Congress regards the rights of creditors in a bankruptcy proceeding as more important than the objectives of the War effort.

Congress may declare the extent to which lands or title to lands are necessary for public use. United States v. Gettysburg Electric R. Co., 160 U. S. 668, 16 S.Ct. 427, 40 L.Ed. 576.

It is also well settled that such determination may be delegated to an administrative officer or an official of the Government, and when so delegated his determination is not subject to judicial review. United States of America v. Meyer et al., 7 Cir., 113 F.2d 387; Barnidge v. United States, 8 Cir., 101 F.2d 295; United States v. 72 Acres of Land, D.C.N.D., Cal., 37 F.Supp. 297; United States v. Forbes, D.C., 259 F. 585.

In the case of United States of America v. Meyer, supra, the court said (113 F.2d at page 392): "Defendants insist that a fee simple title was not necessary to accomplish the purposes contemplated by the legislation. But the power to decide whether such a title was needed is, by the legislation, conferred upon the Secretary and, in the absence of bad faith or abuse of discretion, such determination is not subject to judicial review. * * * Determination of the extent, amount or title of property to be taken, by an Administrative Department, is, in the absence of bad faith, final. * * *"

In the case of United States v. 72 Acres of Land, supra, the court said (37 F.Supp. at page 299): "Nothing is better settled than the right of the Secretary of War in a proper case to determine the necessity of the acquisition; * * * to decide upon the amount of property to be taken or the extent of the taking * * * and to select the particular tract of land to be taken * * *. In such a case the determination of the Secretary is conclusive and not subject to review."

To the same effect is United States v. 243.22 Acres of Land in Town of Babylon, etc., 2 Cir., 129 F.2d 678, at page 683, and the remarks there made are particularly pertinent: "The decision of the Secretary of War is not open to judicial inquiry. That is fortunate, for if it were open, the ensuing delay would delight our country's enemies."

Now therefore, the motion to strike the joinders and answers of the Bondholders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt; the Preferred Stockholders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt; and the Debenture Holders Protective Committee of the Moorhead Knitting Company, Inc., bankrupt, is hereby granted and the Joinders and Answers stricken from the record. As to the rule to show cause why the peremptory order for possession should not be set aside and vacated, and the petition of the United States Government for condemnation be dismissed, the rule is hereby discharged. The United States Government is hereby authorized to proceed with the condemnation.