## O'CONNOR et al. v. UNITED STATES.
### No. 11142.

Circuit Court of Appeals, Ninth Circuit.
May 9, 1946.
Rehearing Denied June 18, 1946.

Francis T. Cornish, of Berkeley, Cal., for appellants.

J. Edward Williams, Acting Head, Lands Division, Dept. of Justice, of Washington, D. C., M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., R. B. McMillan, Asst. U. S. Atty., of San Francisco, Cal., and Roger P. Marquis and Wilma C. Martin, Attys., Dept. of Justice, both of Washington, D. C., for appellee.

Before GARRECHT, DENMAN, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment in a condemnation proceeding (a) awarding appellants $1,745.00 and certain interest for 22 months' use and occupancy of a certain tract of land in California and (b) denying an award for a claimed taking of title to the right to remove certain gold bearing gravel on the land. The gravel was to be used in the construction on other land of a debris dam in the middle fork of the American River in California. None of the gravel was removed from its bed when possession of the land was restored to the appellants.

Appellants are owners of the land. Two of them acquired from the others the right to work the gravel for its gold content. No question is raised as to the amount awarded for the possession of the land, the sole errors assigned concerning the alleged complete taking of the profit a prendre in the gravel and the damages shown for its alleged taking. Since we hold that the profit a prendre was not taken the remaining assignments concerning damages are not considered.

The condemnation of each (a) the possession of the land and (b) the title to the profit a prendre was sought under the provisions of an Act of Congress approved April

24, 1888, 25 Stat. 94, Sec. 591, Title 33 U.S.C., 33 U.S.C.A. § 591, and an Act of Congress approved August 30, 1935, Public No. 409—74th Congress, H.R. 6732, 49 Stat. 1028, entitled "An Act Authorizing the Construction, repair and preservation of certain public works on rivers and harbors, and for other purposes," and "Rivers and Harbors Committee Document Numbered 50, Seventy-Fourth Congress," authorizing the acquisition by the United States of America of any estate, right, title and/or interest in and to the real property.

■ Under these sections condemnation of the title to the profit a prendre succeeds the purchase and payment for the title after the determination of its value in the condemnation proceedings. The governing principle is stated in Cherokee Nation v. So. Kansas Ry., 135 U.S. 641, 660, 10 S.Ct. 965, 972, 34 L.Ed. 295, that " * * * the title has not passed, and will not pass, until the plaintiff receives the compensation ultimately fixed by the trial de novo provided for in the statute. So that, if the result of that trial should be a judgment in [the landowner's] favor in excess of the amount paid into court, the defendant [the condemnor] must pay off the judgment before it can acquire the title to the property entered upon, and, failing to pay it within a reasonable time after the compensation is finally determined, it will become a trespasser, and liable to be proceeded against as such; and, in such case, if the plaintiff shall sustain damages by reason of the use of its property by the defendant pending the appeal, the latter will be liable therefor," and in Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 444, 67 L.Ed. 809, that "The owner is protected by the rule that title does not pass until compensation has been ascertained and paid, nor a right to the possession until reasonable, certain and adequate provision is made for obtaining just compensation."

The appellee did not here seek an immediate taking of the title to the profit a prendre under the Declaration of Taking Act of February 26, 1931, 46 Stat. 1421 c. 307, 40 U.S.C.A. § 258a, nor did the district court order such a taking of that title. It did not have the power to do so prior to the payment of a determined compensation under the cases cited supra.

Under the order of that court appellee took possession of the land, made certain installations for the removal of the gravel but before any was removed the dam project was abandoned. The appellee then abandoned its proposed condemnation and returned the property's possession to the owners some 22 months after appellee had taken its possession. For this possession of the land the district court made the award above described.

■ There is no merit in appellant's contention that the appellee could not thus abandon its condemnation proceeding, and thereby limit its liability to a recovery for loss of 22 months' use and occupancy. The law as stated in Cherokee Nation v. So. Kansas Ry., supra, shows the requirement to abandon if after the compensation has been determined it is not paid. We agree with the recent statement of the law in Moody v. Wickard, 78 U.S.App.D.C. 80, 136 F.2d 801, 803, 804, certiorari denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed. 465, relying in part on our dictum in Kanakanui v. United States, 9 Cir., 244 F. 923, 924, that "Enough has been said, we think, to show that the United States were free to abandon the condemnation proceeding at any time before payment of the award and transfer of title, that they took no title until payment, that the possession of the land by the United States did not make these rules inapplicable, and therefore that the District Court in North Carolina had no authority to render a personal judgment against the United States."

■ Appellants concede that had the appellee sought to condemn the title to the gravel itself the above cases would apply. It contends that a different rule applies to taking the title to the profit a prendre, which in California is an interest in realty and not an easement,[1] that is, the title to the right to take the gravel. Appellants' argument is based upon an asserted interpretation of the language of the Act under which the condemnation is sought, reading

---

[1] Richfield Oil Co. v. Hercules Gas Co., 112 Cal.App. 431, 297 P. 73.

"* * * The United States, upon the filing of the petition in any such proceedings, shall have the right to take immediate possession of said lands, easements, or rights of way, to the extent of the interest to be acquired, and proceed with such public works thereon as have been authorized by Congress. * * *" (Emphasis ours.) 33 U.S.C. § 594, 33 U.S.C.A. § 594.

As seen, a profit a prendre is not an easement. This argument seems to be that possession of the land by one seeking such an interest in it as a profit a prendre vests the title while the possession of the land by one seeking the fee thereto does not vest it. They would have the future words "interest to be acquired" construed to mean "interest acquired at the moment of possession," an obvious negation of the intent of the Congress.

We are unable to see any distinction between taking the title to corporeal property and to such an interest in realty as the profit a prendre. Payment must precede the taking of title and abandonment may precede the determination of the amount to be paid for the title.

The lease to mine the gravel extended until "the property therein described is fully mined." Appellants have been no more than delayed in its mining. Since appellants do not challenge the award of the district court for the 22 months' possession of the lands which prevented the mining by appellants and they are not entitled to the value of the title to the profit a prendre, the judgment below is

Affirmed.

