**UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. RUSSELL et al.**

**Civ. A. No. 397.**

United States District Court
E. D. Tennessee, Northeastern Division.

April 22, 1948.

---

Joseph C. Swidler, Charles J. McCarthy, Thomas A. Pedersen, James H. Eldridge, Knoxville, Tenn., for petitioner.

Milligan & Haynes, Greeneville, Tenn., for respondents.

GEORGE C. TAYLOR, District Judge.

Petition and declaration of taking were filed in this cause for the purpose of acquiring by condemnation an electric transmission line easement and right of way

across lands of respondents located in Greene County, Tennessee, for a portion of the Tennessee Valley Authority's distribution system entitled Waterville-Kingsport Nolichucky Tap Transmission Line. Respondents have moved to dismiss the action, or, in the alternative, to strike certain portions of petition and declaration of taking which relate to the cutting of danger trees and deferment of settlement for construction and maintenance damages.

Among the rights sought to be condemned is the following: "* * * and to cut and remove any and all trees now or hereafter growing, beyond the limits of said right of way, any part of which would in falling directly toward the line strike any structure or conductor of said line or come within five (5) feet of any conductor."

Respondents contend that the right above defined is too vague, indefinite and uncertain to be the subject of condemnation and that the quoted words should be stricken.

The language relative to deferred settlement, to which respondents object, is as follows: "* * * the petitioner to remain liable for damages to growing crops and other actual property damages resulting directly from the operation of the construction forces of petitioner in and about the erection and maintenance of said line, all upon, under, over, and across the following described land."

Respondents contend that the quoted language amounts to a tender of a cause of action for future damages as part compensation for rights presently taken and that the language should be stricken on the ground that what is taken in condemnation must be paid for at the time of the taking. It is a further contention of respondents, advanced in argument and briefs, that because of the numerous and comprehensive rights being taken, the petitioner should be required to take and pay for the fee title to all the land included within the described right of way and such additional land as petitioner may need as a protection against danger trees.

■ After careful consideration of pleadings, proof, briefs, and arguments, the Court is of the opinion that respondents' motion should be denied. The Tennessee Valley Authority, as a corporate agency of the United States, has been vested by act of Congress with the power of eminent domain. 48 Stat. 58, 16 U.S.C.A. § 831, et seq. This power is expressly applicable to the taking of easements and rights of way for electric power transmission lines. 16 U.S.C.A. §§ 831c(h), 831c(i), and 831x. Under the act by which it was created, the Tennessee Valley Authority can take by condemnation whatever it deems necessary to carry out its functions. 16 U.S.C.A. §§ 831c(f), 831c(g), and 831c(h); United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Under its statutory authority it can take either the fee or an easement. 16 U.S.C.A. §§ 831c(i) and 831x; United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed 843. Independently of statute, it is well settled that where less than the fee is condemned, the Government, or its agency, acquires only what it expressly takes, other interests and rights remaining in the landowner. Under this principle it can take free of future liability for re-entry damages, or it can take subject to liability, such being a necessary implication of its authority to take what it deems necessary. Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; New York Telephone Co. v. United States, 2 Cir., 136 F.2d 87; United States v. Meyer et al., 7 Cir., 113 F.2d 387; United States v. 1.94 Acres of Land, D.C., 51 F.Supp. 162.

■ It is equally well settled that, although the Government is not required to pay for what it takes at the time of, or prior to, the taking, it must pay contemporaneously with, or within a period approximating the time of, acquisition of title. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Moody v. Wickard, 78 U.S.App.D.C. 80, 136 F.2d 801, certiorari denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed.

465; O'Connor v. United States, 9 Cir., 155 F.2d 425; Miller v. United States, 61 App. D.C. 58, 57 F.2d 424; United States v. A Certain Tract, etc., D.C., 44 F.Supp. 712; United States v. Certain Parcels, etc., D.C., 40 F.Supp. 436. But in arriving at what is just compensation where less than the fee is taken, it is not necessary to speculate on damages of the indefinite future. Certain rules have been established, applicable to situations such as the one before the Court. Compensation in condemnation cases should be measured not by the value to the taker of what is taken, but by the deprivation, or loss to the owner. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390; United States ex rel. T. V. A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; 11,000 Acres of Land v. United States, 5 Cir., 152 F.2d 566; Westchester County Park Comm. v. United States, 2 Cir., 143 F.2d 688.

██ Petitioner here has made choices in two sets of alternatives. As to the tree-cutting privilege, the alternatives were between taking an easement with the tree-cutting privilege, coupled with liability for future cuttings, and the taking of an easement with the tree-cutting privilege, without liability for future cuttings. Petitioner chose the last of the two. As to the re-entry right, the alternatives were between taking an easement with the re-entry privilege, coupled with immunity from future liability, and the taking of an easement with the re-entry privilege, coupled with liability for future re-entry damages. Petitioner chose the last of these two. In one situation, it has deemed it necessary to take a right coupled with immunity, and in the other situation, to take a right coupled with a potential liability. Subject to the requirement of just compensation, which may vary as the choice varies, the nature and extent of the taking are for legislative, or administrative, and not judicial determination. United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843; Rindge Co. v. County of Los Angeles, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576.

██ The contention of respondents that petitioner should pay now for what it is taking, is sound in theory. But this does not mean that petitioner can be required to pay for speculative damages spread over the indefinite future. Petitioner proposes to remain liable for re-entry damages, although, as in the case of the tree-cutting right, it could have taken the re-entry right with an immunity from future liability for damages. It is conceivable that the market value of respondents' land would vary as between the alternatives. It has been held that where less than the fee is taken, diminution in the market value of what is left is the measure of compensation. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236. The taking may be coupled with the immunity, or it may be coupled with the liability. What difference would the choice make to a prospective purchaser? What difference would it make in the market value of the land? In view of the test laid down by the Supreme Court in the Olson case, supra, speculative damages need not be considered, except as an estimate of them might affect market value.

██ In view of the law as it is laid down in the cited cases, motion of respondents to dismiss, or in the alternative, to strike, should be overruled. An order, accordingly, will be prepared for approval and entry.