**UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. PAYNE et al.**

Civ. A. No. 396.

United States District Court
E. D. Tennessee, Northeastern Division.

May 26, 1948.

Joseph C. Swidler, Charles J. McCarthy, Thomas A. Pedersen, James H. Eldridge, Knoxville, Tenn., for petitioner.

Susong, Parvin, Fraker & Rogan, Greeneville, Tenn., for respondents.

GEORGE C. TAYLOR, District Judge.

Petition and declaration of taking were filed in this cause for the purpose of acquiring by condemnation an electric transmission line easement and right of way over a tract of land of certain of the respondents located in Greene County, Tennessee, for a portion of petitioner's electric distribution system entitled Waterville-Kingsport Nolichucky Tap Transmission Line, the right of way and easement sought to be condemned being more particularly described in the petition and declaration. The case is before the Court on the landowners' motion to strike certain portions of the petition, and to require petitioner to define more specifically the land and rights it seeks to acquire. The petition avers that necessity for the taking has been administratively determined by the Tennessee Valley Authority, and reference is made to statutory authority for the acquisition by condemnation.

The controversy here relates to particular rights sought, rather than to the general right of petitioner to exercise the power of eminent domain, the motion to strike being directed to provisions for the cutting of danger trees and deferment of payment for construction and maintenance damages.

Petitioner has subsequently amended its petition and declaration with reference to the right to cut danger trees, by striking the following: "* * * and to remove danger trees, if any, located beyond the limits of said right of way," and inserting in lieu thereof the following: "* * * and to cut and remove any and all trees now or hereafter growing, beyond the limits of said right of way, any part of which would in falling directly toward the line strike any structure or conductor of said line or come within five (5) feet of any conductor."

Respondent landowners subsequently amended their motion to include striking of the words last quoted. The second portion of the petition which respondents have moved to strike relates to deferred settlement for construction and maintenance damages, as contained in the following: "* * * the petitioner to remain liable for damages to growing crops and other actual property damages resulting directly from the operation of the construction forces of petitioner in and about the erection and maintenance of said line, all upon, under, over, and across the following described land."

Respondents contend that the quoted language is vague and uncertain in import and that the right sought, if granted, would make ascertainment of just compensation presently impossible and would remit respondents to litigation for damages in the future.

Since petitioner has amended its petition and declaration of taking with respect to the right to cut danger trees, that part of respondents' motion which calls for more definite pleading as to the rights sought has been complied with in the only apparent particular in which vagueness existed. Danger trees have been defined with reasonable accuracy, and the nature of the situation determines that such trees will be located along the transmission line right of way, which has been surveyed and described with exactness. There remains, therefore, no reason for more definite pleading on the part of petitioner.

Otherwise considered, the motion to strike questions the authority of petitioner to acquire by condemnation a right to cut danger trees, growing adjacent to the right of way, and a right to defer settlement for anticipatory damages. The problem here presented was recently before the Court in the case of United States ex rel. T. V. A. v. Russell et al., D.C., 87 F. Supp. 386. When that case was argued, the Court without definite commitment suggested that the decision in that case might be controlling here. The Russell case was decided April 21, 1948, in favor

of the petitioner. It is sufficient here to quote relevant portions of the Court's opinion in that case:

"The Tennessee Valley Authority, as a corporate agency of the United States, has been vested by act of Congress with the power of eminent domain. 48 Stat. 58, 16 U.S.C.A. § 831. This power is expressly applicable to the taking of easements and rights of way for electric power transmission lines. 16 U.S.C.A. §§ 831c (h), 831c (i), and 831x. Under the act by which it was created, the Tennessee Valley Authority can take by condemnation whatever it deems necessary to carry out its functions. 16 U.S.C.A. §§ 831c(f), 831c(g), and 831c(h); United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Under its statutory authority it can take either the fee or an easement. 16 U.S.C.A. §§ 831c(i) and 831x; United States ex rel. T.V.A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Independently of statute, it is well settled that where less than the fee is condemned, the Government, or its agency, acquires only what it expressly takes, other interests and rights remaining in the landowner. Under this principle it can take free of future liability for re-entry damages, or it can take subject to liability, such being a necessary implication of its authority to take what it deems necessary. Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; New York Telephone Co. v. United States, 2 Cir., 136 F.2d 87; United States v. Meyer et al., 7 Cir., 113 F.2d 387; United States v. 1.94 Acres of Land, D.C., 51 F.Supp. 162.

It is equally well settled that, although the Government is not required to pay for what it takes at the time of, or prior to, the taking, it must pay contemporaneously with, or within a period approximating the time of, acquisition of title. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Moody v. Wickard, 78 U.S.App.D.C. 80, 136 F.2d 801, certiorari denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed. 465; O'Connor v. United States, 9 Cir., 155 F.2d 425; Miller v. United States, 61 App.D.C. 58, 57 F.2d 424; United States v. A Certain Tract etc., D. C., 44 F.Supp. 712; United States v. Certain Parcels etc., D.C., 40 F.Supp. 436. But in arriving at what is just compensation where less than the fee is taken, it is not necessary to speculate on damages of the indefinite future. Certain rules have been established, applicable to situations such as the one before the Court. Compensation in condemnation cases should be measured not by the value to the taker of what is taken, but by the deprivation, or loss to the owner. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390; United States ex rel. and for Use of T.V.A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; 11,000 Acres of Land v. United States, 5 Cir., 152 F.2d 566; Westchester County Park Comm. v. United States, 2 Cir., 143 F.2d 688.

"Petitioner here has made choices in two sets of alternatives. As to the tree-cutting privilege, the alternatives were between taking an easement with the tree-cutting privilege, coupled with liability for future cuttings, and the taking of an easement with the tree-cutting privilege, without liability for future cuttings. Petitioner chose the last of the two. As to the re-entry right, the alternatives were between taking an easement with the re-entry privilege, coupled with immunity from future liability, and the taking of an easement with the re-entry privilege, coupled with liability for future re-entry damages. Petitioner chose the last of these two. In one situation, it has deemed it necessary to take a right coupled with immunity, and in the other situation, to take a right coupled with a potential lia-

bility. Subject to the requirement of just compensation, which may vary as the choice varies, the nature and extent of the taking are for legislative, or administrative, and not judicial determination. United States ex rel. T.V.A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843; Rindge Co. v. County of Los Angeles, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576."

What was said in the Russell case is controlling here, and respondents' motion to strike and for more definite pleading will be overruled. An order will be prepared accordingly.