UNITED STATES ex rel. and for Use of
TENNESSEE VALLEY AUTHORITY v.
SUSONG et al.

Civ. A. No. 402.

United States District Court
E. D. Tennessee, Northeastern Division.

May 26, 1948.

Joseph C. Swidler, Charles J. McCarthy, James H. Eldridge, Thomas A. Pedersen, Knoxville, Tenn., for petitioners.

Susong, Parvin, Fraker & Rogan, Greeneville, Tenn., for respondents.

GEORGE C. TAYLOR, District Judge.

This is a condemnation suit, brought by petitioner for the acquisition of an electric transmission line easement and right of way over a tract of land owned by respondents in Greene County, Tennessee, the taking by condemnation being pursuant to act of Congress approved February 26, 1931, 46 Stat. 1421, c. 307, 40 U.S.C.A. § 258a, and the Tennessee Valley Authority Act of May 18, 1933, 48 Stat. 58, as amended, 16 U.S.C.A. § 831, et seq. The case is before the Court on motion of the resident respondents to strike, and for more definite pleading with respect to the rights sought to be condemned. Respondents have moved to strike the following from the petition and declaration of taking: "* * * and to cut and remove any and all trees now or hereafter growing beyond the limits of said right of way, any part of which would in falling directly toward the line strike any structure or conductor of said line or come within five (5) feet of any conductor."

Respondents urge that the right here sought is too vague, indefinite and uncertain to be the subject of condemnation and that the damages resulting from the acquisition of the right could not here be determined.

Respondents have also moved to strike the following from the petition and declaration of taking: "* * * the petitioner to remain liable for damages to growing crops and other actual property damages resulting directly from the operation of the construction forces of petitioner in and about the erection and maintenance of said line, all upon, under, over, and across the the following described land."

Respondents urge as a ground for striking the words last quoted that "such language defines so vaguely and uncertainly the rights over your defendants' lands sought to be acquired in this proceedings as to make uncertain and impossible the determination of adequate damages." It is further objected to on the ground that, if the right therein sought were granted, respondents "in the future would be placed in the position of having to bring numerous and many suits to protect their property

rights on any and every occasion that their land, or crops, might be damaged by the operation of petitioner's construction crews."

As originally worded, the tree-cutting right sought was as follows: " * * * and to remove danger trees, if any, located beyond the limits of said right of way." The original motion to strike was directed to those words. Subsequently, with leave of the Court, the petition and declaration of taking were amended and the wording first above quoted was inserted in lieu of that last quoted. The objection of vagueness, indefiniteness and uncertainty was directed to the original wording. As applied to the substituted language, it lacks force, for the reason that danger trees by the amendment have been specifically defined.

A number of cases have been before this Court, which presented one, or all, of the questions involved here. In United States of America ex rel. T. V. A. v. Easterly et al., D.C., 87 F.Supp. 390, the Court said: "Since petitioner has amended its petition and declaration of taking with respect to the right to cut danger trees, that part of respondents' motion which calls for more definite pleading as to the rights sought has been complied with in the only apparent particular in which vagueness existed. Danger trees have been defined with reasonable accuracy, and the nature of the situation determines that such trees will be located along the transmission line right of way, which has been surveyed and described with exactness. There remains, therefore, no reason for more definite pleading on the part of petitioner."

A case in which the motion to strike was directed to language identical with that respecting the tree-cutting and the deferred settlement rights here objected to, was that of United States ex rel. T. V. A. v. Russell, 87 F.Supp. 386, recently decided by this Court. It was urged in that case that the deferred settlement provision in the petition and declaration of taking amounted to a tender of a cause of action for future damages as part compensation for rights presently taken, whereas petitioner should be required to pay now for all the rights now taken. In disposing of respondents'

motion to strike, this Court said in the Russell case:

"After careful consideration of pleadings, proof, briefs, and arguments, the Court is of the opinion that respondents' motion should be denied. The Tennessee Valley Authority, as a corporate agency of the United States, has been vested by act of Congress with the power of eminent domain. 48 Stat. 58, 16 U.S.C.A. § 831. This power is expressly applicable to the taking of easements and rights of way for electric power transmission lines. 16 U.S.C.A. §§ 831c(h), 831c(i), and 831x. Under the act by which it was created, the Tennessee Valley Authority can take by condemnation whatever it deems necessary to carry out its functions. 16 U.S.C.A. §§ 831c(f), 831c(g), and 831c(h); United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Under its statutory authority it can take either the fee or an easement. 16 U.S.C.A. §§ 831c (i) and 831x; United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. Independently of statute, it is well settled that where less than the fee is condemned, the Government, or its agency, acquires only what it expressly takes, other interests and rights remaining in the landowner. Under this principle it can take free of future liability for re-entry damages, or it can take subject to liability, such being a necessary implication of its authority to take what it deems necessary. Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; New York Telephone Co. v. United States, 2 Cir., 136 F.2d 87; United States v. Meyer et al., 7 Cir., 113 F.2d 387; United States v. 1.94 Acres of Land, D.C., 51 F.Supp. 162.

"It is equally well settled that, although the Government is not required to pay for what it takes at the time of, or prior to, the taking, it must pay contemporaneously with, or within a period approx-

imating the time of, acquisition of title. Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Moody v. Wickard, 78 U.S. App.D.C. 80, 136 F.2d 801, certiorari denied 320 U.S. 775, 64 S.Ct. 89, 88 L.Ed. 465; O'Connor v. United States, 9 Cir., 155 F.2d 425; Miller v. United States, 61 App.D. C. 58, 57 F.2d 424; United States v. A Certain Tract etc., D.C., 44 F.Supp. 712; United States v. Certain Parcels etc., D.C., 40 F.Supp. 436. But in arriving at what is just compensation where less than the fee is taken, it is not necessary to speculate on damages of the indefinite future. Certain rules have been established, applicable to situations such as the one before the Court. Compensation in condemnation cases should be measured not by the value to the taker of what is taken, but by the deprivation, or loss to the owner. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390; United States ex rel. Use of and for T. V. A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; 11,000 Acres of Land v. United States, 5 Cir., 152 F.2d 566; Westchester County Park Comm. v. United States, 2 Cir., 143 F.2d 688.

█ █ "Petitioner here has made choices in two sets of alternatives. As to the tree-cutting privilege, the alternatives were between taking an easement with the tree-cutting privilege, coupled with liability for future cuttings, and the taking of an easement with the tree-cutting privilege, without liability for future cuttings. Petitioner chose the last of the two. As to the re-entry right, the alternatives were between taking an easement with the re-entry privilege, coupled with immunity from future liability, and the taking of an easement with the re-entry privilege, coupled with liability for future re-entry damages. Petitioner chose the last of these two. In one situation, it has deemed it necessary to take a right coupled with immunity, and in the other situation, to take a right coupled with a potential liability. Subject to the requirement of just compensation, which may vary as the choice varies, the nature and extent of the taking are for legislative, or administrative, and not judicial determination. United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843; Rindge Co. v. County of Los Angeles, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576.

█ "The contention of respondents that petitioner should pay now for what it is taking, is sound in theory. But this does not mean that petitioner can be required to pay for speculative damages spread over the indefinite future. Petitioner proposes to remain liable for re-entry damages, although, as in the case of the tree-cutting right, it could have taken the re-entry right with an immunity from future liability for damages. It is conceivable that the market value of respondents' land would vary as between the alternatives. It has been held that where less than the fee is taken, diminution in the market value of what is left is the measure of compensation. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236. The taking may be coupled with the immunity, or it may be coupled with the liability. What difference would the choice make to a prospective purchaser? What difference would it make in the market value of the land? In view of the test laid down by the Supreme Court in the Olson case, supra, speculative damages need not be considered, except as an estimate of them might affect market value."

Being of the opinion that the language quoted from the Easterly and Russell cases correctly states the law applicable here, the Court adopts the same as decisive of this case. Respondents' motion will, therefore, be overruled, and an order to that effect will be prepared for approval and entry.