C. M. DOW, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16125.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1956.

Rehearing Denied Jan. 3, 1957.

L. Keith Simmer, Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for appellant.

Richard C. Peet, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., Scott W. Key, Asst. U. S. Atty., Houston, Tex., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment dismissing C. M. Dow as a party defendant in a condemnation proceeding which, in accordance with Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A., was entered as a final and appealable judgment.

The United States commenced proceedings to condemn an easement for a pipe line right of way on March 9, 1943, and shortly thereafter went into possession of the easement pursuant to an order obtained under the Second War Powers Act of 1942, 56 Stat. 177.[1] More than two years thereafter, on November 1, 1945, Dow acquired by deed, made subject to the condemnation proceedings, 617.289 acres of land which included 2.7139 acres within the right of way. Seven months thereafter, on May 31, 1946, the Government filed a declaration of taking and deposited estimated compensation for the taking of Parcel No. 1, the particular 2.7139 acres.[2]

1. " * * * The Secretary of War * * may acquire * * * by condemnation, any real property, temporary use thereof, or other interest therein * * *. Upon or after the filing of the condemnation petition, immediate possession may be taken and the property may be occupied, used, and improved for the purposes of this Act, notwithstanding any other law."

2. Pursuant to 40 U.S.C.A. § 258a, providing in pertinent part as follows:
 "In any proceeding * * * for the acquisition of any land or easement or right of way in land for the public use, the petitioner may file in the cause, with

Commissioners appointed by the Court under the Texas practice held a hearing at which Dow appeared and offered evidence as to value. The Commissioners' report awarded $4,500.00 as compensation for the taking of Parcel No. 1. Dow's vendors, or their heirs or representatives, were not served with notice, and did not appear at the compensation hearing. After the report, however, the Government's attorney reached the conclusion that Dow was not entitled to compensation for the taking of Parcel No. 1, and moved to set aside the award alleging that the parties entitled to compensation were neither served nor present at the commissioners' hearing; and moved also for a summary judgment dismissing Dow's claim on the ground that his deed was a prohibited assignment of a claim against the Government.[3]

Answering said motion, Dow reiterat-

ed his claim. Notwithstanding the fact that his vendors appeared and filed a waiver to any compensation due from the Government and requested that the award be paid to Dow,[4] the motion for summary judgment dismissing Dow was granted and this appeal followed.

 The sole question for decision is whether the act prohibiting assignment of claims against the United States bars Dow's claim to compensation, he having purchased after possession had been awarded in the proceedings but prior to the filing of a declaration of taking. Under the explicit provisions of the Anti-Assignment Statute, a claim to compensation for a taking of property cannot be voluntarily transferred after it has arisen.[5] Otherwise stated then, the question is whether the taking occurred and the claim arose when the United States went into possession of the easement pursu-

---

the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. * * *.

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein * * *.

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency."

3. Under the Anti-Assignment Act, 31 U.S. C.A. § 203, providing in pertinent part as follows:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. * *."

4. By leave of the court, requested just before and granted after Dow had been dismissed, this appearance and disclaimer were withdrawn. The findings of fact accompanying Dow's dismissal recited that his vendors "appeared in this proceeding and made known to the Court that their conveyance of November 1, 1945, to C. M. Dow was intended by them to include all their right, title and interest in the said Parcel No. 1 or in the award to be made for same."

5. See, e. g., United States v. Shannon, 342 U.S. 288, 72 S.Ct. 281, 286, 96 L.Ed. 321; 23 Tracts of Land, etc. v. United States, 6 Cir., 177 F.2d 967.

ant to the order of possession,[6] or subsequently upon the filing of the declaration of taking and of the deposit in the court.[7]

The Government insists that when it took possession there was a taking of the property, and that thereupon the claim to compensation arose. Concededly, however, the United States was free to abandon the condemnation at any time before filing its declaration of taking.[8] In such an event, the United States would have become liable for actual use and occupancy with restoration damage.[9] Such liability did not actually accrue. Instead, upon the filing of the declaration of taking the United States became irrevocably committed to the payment of the ultimate award.[10] The Government then took title to the easement, whereupon the claim for compensation arose and vested in the owner, Dow. Theretofore the taking was not complete. Cf. United States v. Dickinson, 331 U.S. 745, 749, 67 S.Ct. 1382, 91 L.Ed. 1789.

The Declaration of Taking Act fixed a definite time of taking and of accrual of the claim for compensation and removed much of the uncertainty theretofore existing.[11] Nothing herein said is inconsistent with, or is meant to change, the equitable rule that where the declaration of taking is filed on a date subsequent to the passing of possession to the Government, the value of the property should be determined as of the date possession was acquired.[12]

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

6. Providing in part:
 "Leave * * * is hereby granted the United States of America to take immediate possession of said land * * * *to the extent of the interest to be acquired by the United States of America* * * *." (Emphasis supplied.)

7. The judgment entered thereon provided:
 "It is therefore, ORDERED, ADJUDGED and DECREED that upon the filing of said Declaration of Taking, and the depositing in the Registry of this Court of the sum of $3801.30, a perpetual right of way or easement for the construction, operation, maintenance, patrol, repair, replacement and removal of a pipe line * * * vested in the United States of America * * * and said lands are deemed to have been condemned and taken for the use of the United States of America, *and the rights to just compensation for the property taken, upon the filing of said Declaration of Taking and making of said deposit, vested in the persons entitled thereto* * * *." (Emphasis supplied.)

8. O'Connor v. United States, 9 Cir., 155 F.2d 425; Moody v. Wickard, 78 U.S.

App.D.C. 80, 136 F.2d 801; United States v. One Parcel of Land, D.C., 131 F.Supp. 443.
 "Until taking, the condemnor may discontinue or abandon his effort." Danforth v. United States, 308 U.S. 271, at page 284, 60 S.Ct. 231, at page 236, 84 L.Ed. 240.

9. Cherokee Nation v. Southern Kansas Ry. Co., 135 U.S. 641, 660, 10 S.Ct. 965, 34 L.Ed. 295, and authorities cited in Footnote 7, supra.

10. 40 U.S.C.A. § 258c; Catlin v. United States, 324 U.S. 229, 241, 242, 65 S.Ct. 631, 89 L.Ed. 911.

11. See Danforth v. United States, 308 U.S. 271, 283–284, 60 S.Ct. 231, 84 L.Ed. 240; United States v. .8677 Acre of Land in Richland County, D.C., 42 F. Supp. 91; United States v. 40,379 Square Feet of Land, D.C., 58 F.Supp. 246; 6 Nichols, "Eminent Domain", § 27.25, p. 321.

12. 11,000 Acres of Land, etc. v. United States, 5 Cir., 152 F.2d 566; Anderson v. United States, 5 Cir., 179 F.2d 281.