Hat, Judge,
delivered the opinion of the court:
Under the authority of the joint resolution of Congress of May 12, 1917, 40 Stat. 75, the President of the United States by a proclamation of June 30, 1917, took over to the United States the immediate possession of and title to 53 merchant vessels owned in whole or in part by citizens, corporations, or subjects of Germany, with which country the United States was at war. These vessels were at various ports of the United States when they were so taken over.
At the time they were taken over by virtue of the joint resolution aforesaid all of these vessels were equipped and *657 had attached to them the apparatus for which the plaintiff is asking compensation in this suit, the said apparatus being used in the operation of said vessels.
The claim of the plaintiff is that the plaintiff is a citizen of the United States, that the apparatus so taken over was its property, and that the United States was not authorized by the joint resolution of May 12, 1917, to take over the title and possession of the said apparatus without making compensation therefor, and that the plaintiff is entitled to sue the United States under an implied contract, and that its recovery should be based upon a recognized standard rental schedule, which includes the use and maintenance of the apparatus. The amount sued for is the sum of $109,671.69, which the plaintiff alleges to be the rental standard schedule, including- the use and maintenance of the apparatus since it was taken over by the United States.
The plaintiff asks that in the event the court should hold that title to the apparatus did pass to the United States by virtue of the taking over of the vessels the court should allow the plaintiff the sum of $52,500, which is the value of the apparatus taken over by the United States, and it bases this claim upon the ground that the United States can not take the property of its citizens without making compensation therefor.
We have had occasion to pass upon the effect and meaning of the joint resolution of May 12, 1917. In the case of Deutsche-Australische Dampschiffs Gesellschaft v. United States, 59 C. Cls. 450, this court held: When enemy property is taken by the United States under the war power there arises no implied promise on the part of the United States to pay the owner the value of such property, and there is no jurisdiction in the Court of Claims under section 145, Judicial Code, to entertain a suit for the recovery of the value of such property; and the court further held that the court had no jurisdiction of a claim to recover the value of the property taken by the United States by virtue of the joint resolution of May 12, 1917, 40 Stat. 75. The opinion of the court was delivered by the Chief Justice, and states the law *658 of the case with great ability and clearness. Attention is directed to that opinion, as it would be superfluous to undertake to restate here the reasons which govern the court in its construction of the joint resolution of May 12, 1917.
It follows, therefore, that if the apparatus taken over had been enemy property there could be no question that this court would have no jurisdiction to entertain this suit for the recovery of its value.
The plaintiff, however, is a citizen of the United States, and the apparatus taken over belonged to it. The apparatus was found and seized upon vessels belonging to the enemy, and was taken over by the act of Congress in its exercise of the war power, and the question arises whether the limitations or restrictions of the Fifth Amendment affect the exercise of the war power conferred upon Congress when property is taken, whether belonging to an enemy or to a citizen of the United States. In this case the President in taking the property of the plaintiff was acting under the authority of the joint resolution and was exercising the war power of the Government. If the war power of the Government is legitimately exercised and the property taken thereunder found on vessels of the enemy belongs to a citizen of the United States the injury done is incidental to the exercise of the war power, and there is no taking of the property under the limitations or restrictions of the Fifth Amendment, and there is no right to compensation on account of such taking. If the property taken is so situated that it can not be separated from the enemy property its taking is an incident to the exercise of the war power, and it is not the taking of private property for public use for which compensation can be demanded. And in the exercise of the war power it is immaterial whether the owner of the property taken is a citizen of the United States or not. The apparatus was on vessels of the enemy, was placed on said vessels by the licensee of the plaintiff, which licensee was an enemy, was being used by the enemy, and was being devoted to the enemy’s use by the agent of the plaintiff, and is a proper subject for confiscation.
But if it be conceded that the apparatus so taken is the property of a citizen of the United States and that the *659 plaintiff is entitled to compensation, yet it does not follow that this court has jurisdiction to entertain this suit. “ The action is not founded upon thé~ Constitution or a law of •Congress. The joint resolution authorized the President to take title and he did so. It does not in terms declare a liability of the Government or of itself to create a right in the plaintiff.” 59 C. Cls. 450, 453.
The history of the enactment of this legislation shows that it was not the intention of Congress to confer upon this ■court jurisdiction to deal with the question of compensation. A very full statement of this will be found in 59 C. Cls. 457, 459, and 460, and it is not necessary to restate it here. It is difficult to see how under the circumstances of the taking of these vessels the claim of the plaintiff can be separated and treated differently from the claim of the owners of the vessels. If the court has no jurisdiction in the latter case, it has none in the former.
Furthermore, it can not be maintained that an 'implied contract arose out of the circumstances of the taking, and that is the only ground upon which this court can take jurisdiction of the suit. “ The right to bring this suit against the United States in the Court of Claims is not founded upon the Fifth Amendment, but upon the existence of an implied contract entered into by the United States.” United States v. North American Transportation & Trading Co., 253 U. S. 330, 335; Tempel v. United States, 248 U. S. 121, 129; Horstmann Company v. United States, 257 U. S. 138, where it is said: “ It is to be remembered that to bind the Government there must be implication of a contract to pay, but the circumstances may rebut that implication.” In this case the circumstances do rebut the implication, for the property was taken in the exercise of the war power by the Government, was on enemy-owned vessels, and the consequences to the plaintiff were only incidental, and no liability was incurred by the United States. At the time of the taking the Goirernment claimed title to the property, and now claims title to it, and denies title in the plaintiff; that being so, this court is prevented “ from assuming jurisdiction of the controversy.” See Tempel case, supra, p. 130.
*660 The plaintiff had certain written contracts with the Shipping Board and the War and Navy Departments, by virtue-of which it was paid the sum of $27,262.70 for rent for the-said apparatus at its standard rates of rental. The plaintiff,, however, is not suing on these contracts, but specifically states that as those contracts have been repudiated by the-Government the plaintiff is suing the United States “ under • the implied contract for the use and maintenance of its-apparatus, and to recover a quantum meruit, and that its recovery should be based upon recognized standard rental schedule.” It is therefore unnecessary to comment on or-pass upon the written contracts.
The plaintiff might have some claim for compensation: for repairs and inspections actually made of the submarine-apparatus attached to these vessels which were rendered after they were taken and which were done at the request of authorized officials of the Government. .But the plaintiff has failed to prove such a claim, and has stated that there was no practical way of preparing a statement showing the-value of such services. Therefore that claim must be disallowed for failure of proof.
The petition of the plaintiff must be dismissed. It is so-ordered.
Geaham, J^dge; DowNey, Judge; Booth, Judge; and Camfbell, 0hief Justice, concur.