## UNITED STATES v. CHUN CHIN.

### No. 10808.

Circuit Court of Appeals, Ninth Circuit.
Aug. 22, 1945.

Vernon L. Wilkinson and John C. Harrington, Attorneys, Department of Justice, both of Washington, D. C., for appellant.

Arthur K. Trask, of Honolulu, H. I., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

On September 5, 1940, suit was commenced in the court below to condemn several tracts of land for public use in connection with the naval base at Pearl Harbor. The lands described in the petition included an area designated as Parcel D. Contemporaneously a declaration of taking was filed and judgment thereon was entered. In the declaration the Territory of Hawaii was listed as the owner of Parcel D, and the amount estimated to be just compensation for its ownership was deposited in the

registry of the court. The estate taken was the fee simple absolute.

On January 24, 1941, the Territory filed an answer in which it was stated that Parcel D is part of the government land; that the fee became vested in the United States by virtue of the joint resolution of annexation of July 7, 1898, 30 Stat. 750; and that under § 91 of the Organic Act, 48 U.S.C.A. § 511, the land had been placed in the possession, use, and control of the Territory to be managed and cared for until otherwise provided by Congress or taken for the purposes and uses of the United States by direction of the President or the Governor of Hawaii. The answer further alleged that no other provision had been made by Congress regarding the parcel, and that it had not been taken for the uses and purposes of the United States by direction either of the President or the Governor; and that a portion of the tract had been leased by the Territory to appellee, Chun Chin, for a term of twenty-one years from October 1936. In Chun Chin's answer, filed shortly thereafter, he alleged that he held a portion of Parcel D under a general lease from the Territory at an annual rental of $200, and he claimed damages of $20,000 for the taking.

On April 17, 1941, the United States moved for an order vacating the judgment on the declaration of taking insofar as it related to Parcel D, dismissing that parcel from the condemnation proceeding, and directing the refund of the moneys deposited on account thereof. The motion was predicated upon the grounds that the parcel was inadvertently included in the condemnation proceeding, that title thereto is vested in the United States, and that by appropriate order it had been set apart for the use of the United States pursuant to § 91 of the Organic Act. The motion was denied.

So far as concerns Parcel D no further steps appear to have been taken until November of 1943, at which time the Territory amended its answer, repeating in the amendment the allegations as to the status of the parcel and averring that the Governor had on November 18, 1943, issued an executive order setting it aside for the use of the Navy. The answer disclaimed any interest in the proceedings. Thereafter the claim of appellee came on for trial, at which time the United States renewed its earlier motion to vacate the judgment and eliminate the parcel. The motion, while not contested on any factual ground, was denied. Appellee was then permitted over objection to introduce evidence as to the value of improvements he had erected on the land pursuant to the requirements of his lease; and the court awarded·judgment in the sum of $8,500 as the value of the improvements.

■ One of the specifications on appeal is that the court erred in denying the government's motion above described. We think this specification must be sustained. The motion was timely made and was not waived or abandoned. Had the United States gone into possession on the strength of the declaration of taking a different situation would be presented; but the record shows that appellee's possession was not disturbed and that at the time of the trial he was occupying the land and operating the business for which he had acquired the lease from the Territory. Presumably that situation still obtains.

■ Under the terms of the lease the demised premises were subject to withdrawal by the Territory at any time for any public purpose; and it is undenied that, notwithstanding the existence of the lease, the government was entitled to have the land set apart for its use by executive order pursuant to the provisions of the Organic Act.[1] Condemnation was not an appropriate procedure since the rights of the United States as well as the method of asserting them have been prescribed by Congress in the organic law of the Territory. As the record discloses, the inclu-

[1] Section 91 of the Organic Act, so far as pertinent, reads: "Except as otherwise provided, the public property ceded and transferred to the United States by the Republic of Hawaii, under the joint resolution of annexation, approved July 7, 1898, numbered 55 (Thirtieth Statutes, page 750), shall remain in the possession, use, and control of the government of the Territory of Hawaii, and shall be maintained, managed, and cared for by it, at its own expense, until otherwise provided for by Congress, or taken for the uses and purposes of the United States by direction of the President or of the governor of Hawaii." 48 U.S.C.A. § 511.

As to the status of the title to lands affected by this section, cf. Territory v. Kapiolani Est., 18 Hawaii 640, 644; Territory v. Puahi, 18 Hawaii 649, 651.

sion of the parcel in the condemnation proceeding was inadvertent.[2] And it is hardly a tenable view that appellee acquired a vested interest in the government's mistake.

■ The government argues that appellee is not entitled to be compensated for improvements erected on the faith of his lease. However, we regard it as unnecessary now to consider what may be the rights of a tenant when public lands, under lease by the Territory, are taken by order of the President or Governor pursuant to § 91 of the Organic Act. If right to compensation exists it may be asserted against the United States in an appropriate proceeding, compare United States v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935. As to the possible liability of the Territory itself we express no opinion. These questions are not before us. Vacation of the judgment entered on the declaration of taking and the dismissal of the parcel from the proceeding will operate merely to restore the status quo.

The judgment is reversed and the cause remanded with directions to grant the motion to vacate and dismiss as to the parcel in question.

---

[2] An official letter of Acting Secretary of the Navy Forrestal, directed to the Governor of the Territory under date of March 10, 1941, indicates that title data was not obtainable at the time of the filing of the declaration of taking and that subsequent developments had disclosed that the parcel in question was public lands. The Governor was requested to take steps to set the land apart pursuant to the provisions of the statute quoted in note 1 above.