**HEE KEE CHUN v. UNITED STATES.**

No. 12732.

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1952.

N. W. Y. Char and Sau Ung Loo Chan, Honolulu, T. H., for appellant.

Wm. Amory Underhill, Asst. Atty. Gen., Howard K. Hoddick, U. S. Atty., Honolulu, T. H., Roger P. Marquis, John C. Harrington and John Cotter, Attorneys, Department of Justice, all of Washington, D. C., for appellee.

Before DENMAN, Chief Judge, and ORR, and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant seeks damages for alleged loss because of a termination of a lease executed by the Government of the Territory of Hawaii, as lessor, to one Chun Chin, now deceased, as lessee. Section 91 of the Hawaiian Organic Act, 48 U.S.C.A. § 511, gives the territorial government the "possession, use, and control" of United States public lands in the Territory of Hawaii "until otherwise provided for by Congress, or taken for the uses and purposes of the United States by direction of the President or of the Governor of Hawaii." It was pursuant to such authority that the Territory of Hawaii on October 30, 1936, leased for a term of 21 years certain public lands to Chun Chin, appellant's predecessor. The lease required Chun Chin, at his own expense, to erect on the land improvements necessary for the operation of a gasoline service station. Thereafter, Chun Chin took possession of the land and built a two-story building on the premises which was used as a grocery store and gasoline service station. On November 18, 1943 the Governor of the Territory of Hawaii issued an executive order setting aside the property described in the lease agreement for the use of the United States Navy and, subsequently, the Navy took possession of the property and ousted Chun Chin. Appellant administrator of the estate of Chun Chin brought suit in the lower court against the United States under the provisions of the Tucker Act, 28 U.S.C.A. § 1346(a) (2), for compensation for the loss of the lease and improvements. The District Court granted a motion of the United States to dismiss the complaint.

■ This case is the culmination of a series of efforts by the United States to acquire the leased land. In 1940 the United States instituted condemnation proceedings against the parcel in question and this court reversed a judgment awarding compensation. United States v. Chun Chin, 9 Cir., 1945, 150 F.2d 1016, 1017. In that case we said: "Condemnation was not an appropriate procedure since the rights of the United States as well as the method of asserting them have been prescribed by Congress in the organic law of the Territory." However, we did not decide whether a taking under the Organic Act would be compensable. Subsequently, we held in the case of United States v. Marks, 9 Cir., 1951, 187 F.2d 724, that the taking of public land by such method did not require that compensation be paid for the unexpired portion of a lease term as would be true in a condemnation proceeding. We said that to hold otherwise would be inconsistent with the unconditional reservation of power in the Organic Act. Hence appellant is not entitled to recover compensation for the loss of his lease.

Appellant urges that if not the lease at least the improvements, erected on the land at his own expense, are compensable. The lease provides, in part, that "the lessee shall and will at the end, or other sooner determination of the said term hereby granted,

178

peaceably and quietly yield up unto the lessor all and singular the premises herein demised, with all erections, buildings and improvements of whatever name and nature * * *." The question then posed is whether the taking of the land by the Government under the circumstances of this case constituted an "other sooner determination" of the lease. If it was then appellant has no claim because under such a circumstance Chun Chin expressly renounced all claim to the improvements and is presumed to have erected them with that understanding. The lease in terms provides two methods by which the lessor may repossess the land before its expiration. First, if the lessee fails to perform any of the covenants of the lease the lessor is given a right to "enter into and upon the hereby demised premises * * * the same to have again * * * and thereby terminate the lease." Second, [and it is under this term that the Territorial Government acted], it is provided that: "It is mutually agreed, that at any time or times during the term of this lease, the land demised, or any part or parts thereof, may at the option of the lessor, on behalf of the Territory of Hawaii, or any person or persons, corporation or corporations, be withdrawn from the operation of this lease for homestead or settlement purposes, or for storing, conserving, transporting and conveying water for any purpose, or for reclamation purposes, or for forestry purposes, or for telephone, telegraph, electric power, railway or roadway purposes, or for any public purpose, or for sale for any purpose for which land may be sold under the provisions of section 73 of the Hawaiian Organic Act as now or hereafter amended [48 U.S.C.A. §§ 663–677], and possession resumed by the lessor, in which event the land so withdrawn shall cease to be subject to the terms, covenants and conditions of this lease and the rent hereinabove reserved shall be reduced in proportion to the value of the part so withdrawn."

Appellant urges that the withdrawal method of repossession is not a "determination" of the lease term, but that a breach of covenant is the sole method. We find no validity in the attempted distinction. Where the express terms of the lease contemplate varying methods by which the property may revert to the lessor those methods are of equal force and effect unless the contrary appears. To sustain appellant's contention would require the use of a word lacking the inclusive breadth of the word "determination". A proper construction of the lease under consideration here requires a holding that a lawful withdrawal of the land for any of the purposes embodied in the lease results in a "determination" of the lease.

Withdrawal of the land for the use of the Navy is a withdrawal for a "public purpose" within the meaning of the lease. The Marks case supra, held,[1] in construing a similar lease provision, that a federal public purpose justified withdrawal of the land.

Judgment of dismissal affirmed.

1. In the Marks case the court struck from the damages an item for the rental value of a house and cottage on the leased premises. Cf. 187 F.2d 724, 728, note 8.