Gladys **LAYCOCK**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 14858.

United States Court of Appeals
Ninth Circuit.

March 6, 1956.

Seitz, Easley & Whipple, Norman L. Easley, Stewart M. Whipple, Portland, Or., for appellant.

Perry W. Morton, Asst. Atty. Gen., Harold S. Harrison, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., James W. Morrell, Asst. U. S. Atty., Portland, Or., for appellee.

Before POPE and LEMMON, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

This is an appeal from an order dismissing appellant's action for damages alleged to have been sustained as a proximate result of enforcement of the statutes and regulations relating to the sale of gold. [See: Gold Reserve Act of 1934, 48 Stat. 337, 31 U.S.C.A. § 440; 12 U.S.C.A. §§ 95a, 213; Executive Order 6260, as amended 12 U.S.C.A. following § 95a; United States Treasury Department Gold Regulations, 31 CFR, Part 54, §§ 54.1–55.2, 19 F.R. 4309–4316 (1954).]

Stated in summary, the allegations of appellant's complaint are: that she is a substantial owner of certain patented lode mining claims in Grant County, Oregon; that "in the past said mine has been greatly developed and large quantities of gold have been extracted therefrom"; that "at present approximately 243,000 tons of ore are blocked out therein, but said ore cannot be economically processed at the present arbitrary price set for gold"; that the Government has fixed "an arbitrary and artificial price of 35 irredeemable and inconvertible paper dollars per troy ounce of fine gold as the authorized price for the purchase and sale of gold"; that "in the free markets of the world the price of fine gold has been and now is greatly in excess of $35.00 per troy ounce."

Appellant further alleges that the statutes and regulations requiring that gold recovered from natural deposits in the United States be sold to a Government mint at $35.00 per ounce, less mint charges, deprive appellant of her property "without due process of law and without just compensation in violation of the Fifth Amendment to the Federal Constitution in that they allow condemnation and acquisition of gold at a price other than the fair value"; that "during the last two years" these statutes and regulations have prevented appellant "from charging a price for her gold sufficient to render the operation of her mine economically feasible", and have caused appellant's gold mine "to depreciate in value and to remain closed", and have "directly and proximately resulted in a loss of profits to her and a depreciation in value of her said property in excess of $10,000, all to her damage in said sum."

The Government moved to dismiss on three grounds: (1) that the complaint "fails to allege facts sufficient to establish jurisdiction * * * over the * * * United States of America", Fed. Rules Civ.Proc. rule 12(b) (2), 28 U.S.C.A.; (2) that the action is barred by the six-year period of limitations specified in 28 U.S.C. § 2401(a); and (3) that the complaint "fails to state a claim or cause of action upon which relief can be granted." Fed.Rules Civ.Proc. rule 12(b) (6).

Appellant invoked the jurisdiction of the District Court under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), contending that Government action under the gold program amounts to a "taking" of appellant's property for which "just compensation" is due under the Fifth Amendment. Cf. Central Eureka Mining Co. v. United States, Ct.Cl., 1956, 138 F.Supp. 281.

The United States of America, as sovereign, has consented to be sued under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), says appellant, in cases "where private property is taken * * * in the exercise of its power of eminent domain, but without condemnation proceedings." Jacobs v. United States, 1933, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142; United States v. Great Falls Mfg. Co., 1884, 112 U.S. 645, 5 S.Ct. 306, 28 L.Ed. 846.

True, but such consent is limited to cases where the alleged taking is lawfully authorized and the claimed damages proximately result from an exercise of the power of eminent domain. United States v. North American Transportation & Trading Co., 1920, 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Hamilton v. Kentucky Distilleries & Warehouse Co., 1919, 251 U.S. 146, 40 S.Ct. 106, 64 L.Ed. 194; Legal Tender Cases, 1870, 12 Wall. 457, 79 U.S. 457, 551, 20 L.Ed. 287.

Upon dismissing appellant's action for want of jurisdiction, the District Court expressed the view that the complaint did not present a case of a taking of property within the purview of the Fifth Amendment.

 We do not reach that question, being of the opinion that consent previously given in the Tucker Act or otherwise to sue the Government on a claim such as asserted by appellant here was expressly withdrawn by the Act of August 27, 1935. 49 Stat. 938, 939, 31 U.S.C.A. § 773b. This Act provides that: "Any consent which the United States may have given to the assertion against it of any right * * * in any proceeding of any nature whatsoever * * * upon any claim or demand arising out of any surrender, requisition, seizure, or acquisition of any * * * gold * * * and involving the effect or validity of any * * * regulation of the value of money, is withdrawn * * *."

It appears to us beyond question that in the complaint at bar appellant asserts a claim or cause of action arising out of an alleged "surrender, requisition, seizure, or acquisition" by the Government of appellant's gold, and "involving the effect or validity of * * * regulation[s] of the value of money".

It is axiomatic that: "Consent alone gives jurisdiction to adjudge against a sovereign." United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 514, 60 S.Ct. 653,

657, 84 L.Ed. 894. This is so, even in cases grounded upon alleged violations by the Government of Federal Constitutional rights. Schillinger v. United States, 1894, 155 U.S. 163, 168, 15 S.Ct. 85, 39 L.Ed. 108. And it is equally well settled that "the power to withdraw the privilege of suing the United States or its instrumentalities knows no limitations." Maricopa County v. Valley Nat. Bank, 1943, 318 U.S. 357, 362, 63 S.Ct. 587, 589, 87 L.Ed. 834.

The order of the District Court is modified to dismiss the action for lack of jurisdiction, Fed.Rules Civ.Proc. rules 12(b) (2) and 41(b); and as so modified the order is affirmed.