UNITED STATES of America, Plaintiff,

v.

**40 ACRES OF LAND SITUATE IN NENANA RECORDING PRECINCT, FOURTH DIVISION, TERRITORY OF ALASKA, and Dan T. Kennedy, et al., Defendants.**

Civ. No. A–12883.

District Court, Alaska, Third Division, Anchorage. March 6, 1958.

Donald A. Burr, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Davis, Hughes & Thorsness, Anchorage, Alaska, for defendant Dan T. Kennedy.

HODGE, District Judge.

Plaintiff in this action seeks to acquire by condemnation proceedings certain property owned by the defendant Dan T. Kennedy, consisting of a homestead and improvements thereon, described as "Tract A" in the complaint herein, located within the exterior boundaries of Mount McKinley National Park. Defendant filed an answer raising objections to the taking, pursuant to Rule 71A (e), Fed.Rules Civ.Proc. 28 U.S.C. At the time of the trial defendant raised jurisdictional questions relating to such taking, in substance as follows: (1) There was no allegation in the complaint showing the authority of any officer of the United States to procure the land for the public use claimed, and hence no authority for such condemnation; (2) there was no showing of any specific legislative sanction or authority for condemning the land in question; and (3) the authority for the taking relied upon by plaintiff does not permit the United States to maintain this action. The Court reserved decision upon these questions on briefs to be submitted.

Thereafter plaintiff filed an amended complaint alleging that the request for the condemnation originated from the Solicitor for the Department of the Interior in the form of a letter addressed to the Attorney General of the United States; and that the Solicitor for such Department is duly authorized to institute the proceeding for and on behalf of the Secretary pursuant to Departmental order No. 2509, amendment No. 7. Copies of the letter and order were attached as exhibits. Defendant then filed a motion to dismiss the amended complaint upon the grounds that it does not state a claim upon which relief may be granted, and both parties submitted briefs on the issues thus raised.

The Government relies in its complaint and brief upon two statutory enactments as authority for the taking, being the Act of August 1, 1888, as amended (62 Stat. 986, 40 U.S.C.A. § 257), and the Interior Department Appropriation Act of 1951 (Chap. VII, Public Law 759, 81st Congress, 64 Stat. 692). The first is what has been referred to as the general statute relating to condemnation of private realty for Government use, and provides as follows:

"In every case in which the Secretary of the Treasury *or any other officer of the Government has been, or hereafter shall be, authorized to procure real estate* for the erection of a public building or *for other public uses, he may acquire the same for the United States by condemnation,* under judicial process, whenever in his opinion it is necessary or advantageous to the Government to do so, and the Attorney General of the United States, upon every application of the Secretary of the Treasury, under this section and section

258 of this title, or such other officer, shall cause proceedings to be commenced for condemnation within thirty days from receipt of the application at the Department of Justice." (emphasis added).

The general appropriation act relied upon provides, so far as is pertinent here, as follows:

"Chapter VII
"National Park Service
"Construction
"For construction and improvement, without regard to the Act of August 24, 1912, as amended (16 U.S.C. 451), of *roads, trails, parkways, buildings, utilities,* and other physical facilities; and the *acquisition of lands, interests therein, improvements,* and *water rights;* to remain available until expended * * *." (emphasis added).

■ The Acts of Congress relating to the establishment, boundaries and control of Mount McKinley National Park are found in 16 U.S.C.A. §§ 347–353a, incl. By Sec. 355, adopted March 19, 1932, the boundaries were changed, apparently including the lands of the defendant,[1] who acquired his land by patent from the United States on May 24, 1930. Neither the original act establishing such Park nor the amendments thereto contain any specific authorization to the Secretary of the Interior or any other public officer relating to the acquisition by condemnation or otherwise of private lands within the boundaries of the Park; and no such provision is found in the general statutes relating to the jurisdiction and powers of the National Park Service. 16 U.S.C.A. §§ 1–18d.

By contrast, numerous instances are found in the statutes relating to the establishment of national parks in which the Secretary of the Interior, through the National Park Service, is given express authority to acquire private lands

or property with reference to such particular park or place, under the provisions of Sec. 257 of Title 40, all being found in 16 U.S.C.A., as follows: Sec. 47e, Yosemite National Park; Secs. 81c, 81d, Colonial National Historical Park; Sec. 164, Glacier National Park, Sec. 242, Theodore Roosevelt National Memorial Park; Sec. 403i, Great Smoky Mountains National Park; Sec. 462(d), Historic Sites and Buildings; Sec. 407m, Independence National Historical Park; Sec. 1b(7) (1953), Acquisition of Right of Way for roads within authorized boundaries of national parks.

If it was the intention of Congress to make similar provision as to Mount McKinley National Park, surely it would have done so. Instead, the 1932 Act contains the following pertinent clause:

"* * * Provided, however, That such isolated tracts of land lying east of the Alaska Railroad right of way and the west bank of the Nenana River between the north bank of Windy Creek and the north park boundary as extended eastward are also included in said park: Provided further, That *nothing herein contained shall affect any valid existing* claim, location, or *entry under the land laws of the United States, whether for homestead,* mineral, right of way, *or any other purpose whatsoever, or shall affect the rights of any such* claimant, locator, or *entryman to the full use and enjoyment of his land."* (emphasis added).

A similar clause relating to existing claims or entry under the land laws is found in the original Act. 16 U.S.C.A. § 348.

■ It has been held repeatedly that although the Federal Government has the power to take private property essential to the public welfare, it exercises that power only pursuant to specific legislation; that express legislative authority is necessary to authorize the

[1]. Some question is also raised by Kennedy as to whether or not his property is actually intended to be included within the Park boundaries. However, for the purpose of this motion, the allegations of the complaint must be taken as true.

condemnation of private property for public use, and statutes claimed to confer such power must be strictly construed; and that Sec. 257 of Title 40 confers no general authority to acquire lands by condemnation proceedings but only authority to institute such proceedings in furtherance of or in execution of authority otherwise granted. United States v. Rauers, D.C., 70 F. 748; United States v. A Certain Tract of Land in Cumberland Tp., C.C., 70 F. 940; United States v. Certain Lands in Town of Narragansett, R. I., C.C., 145 F. 654; United States v. Fisk Building, D.C., 99 F.Supp. 592; Carmack v. United States, 8 Cir., 135 F.2d 196; United States v. 43,355 Sq. Ft. of Land in King County, Wash., D.C., 51 F.Supp. 905; United States v. Parcel of Land, etc., D.C., 100 F.Supp. 498; Youngstown Sheet & Tube Co. v. Sawyer, D.C., 103 F.Supp. 569, 575. Sec. 257 is therefore not sufficient authority to sustain this action, in the absence of other specific legislation.

Plaintiff also relies upon the General Appropriation Act above quoted, claiming that the provisions of such Act appropriating funds for the "acquisition of lands", is sufficient to authorize this condemnation, citing United States v. Beaty, D.C., 198 F. 284; United States v. Graham & Irvine, D.C., 250 F. 499; Albert Hanson Lumber Co. v. United States, 5 Cir., 277 F. 894 (affirmed 261 U.S. 581, 43 S.Ct. 442, 67 L.Ed. 809); United States v. North American Transp. & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; United States v. Threlkeld, 10 Cir., 72 F.2d 464, certiorari denied 293 U.S. 620, 55 S.Ct. 215, 79 L.Ed. 708; Polson Logging Co. v. United States, 9 Cir., 160 F.2d 712.

Examining these cases I find that the first three support plaintiff's contention only to the extent that it is held that words authorizing the "purchase" of land under appropriation acts or general acts must be deemed to include by implication the right to acquire such lands by condemnation proceedings; but in each case specific authorization to purchase or acquire such land appears. In the case of

Albert Hanson Lumber Co. v. United States [261 U.S. 581, 43 S.Ct. 444] the Supreme Court, on review, said:

"The authority to condemn conferred by * * * (Act of 1888) extends to every case in which an officer of the government is authorized to procure real estate for public uses."

The case of United States v. North American Transp. & Trading Co. does not relate to condemnation proceedings but only to the liability of the United States for the taking of property where not taken under legislative authority.

The cases of United States v. Threlkeld and Polson Logging Co. v. United States do hold that the powers conferred upon the Secretary of Agriculture for the construction and maintenance of roads within the national forest area under 16 U.S.C.A. §§ 471–482 and by appropriation acts are sufficiently broad to confer the authority to condemn land for such purpose under 40 U.S.C.A. § 257; and that by necessity the statutory authorization to procure real estate in such cases may be evidenced by the making of an appropriation as well as by specific authorization to acquire. These cases are clearly distinguishable from the case at bar. The Court in the Threlkeld case recognizes the doctrine set forth in the case of United States v. Rauers and United States v. A Certain Tract of Land in Cumberland Township, above cited, and is in accord with such principle.

I am unable to find that the General Appropriation Act relating to all of the national parks, as to which in many cases specific authority is conferred upon the Secretary of the Interior to acquire private lands, may be construed by "necessary implication" to authorize the condemnation proceeding in this instance, especially in view of the express preservation of the rights of the holders of land by homestead within the boundaries of the Park, quoted above.

The letter from the Solicitor of the Department of the Interior, and the delegation of authority from the Secretary to

the Solicitor of the power conferred by Sec. 257, referred to in plaintiff's amended complaint, do not confer any authority not granted by Congressional enactment.

It must be concluded that the amended complaint fails to state a claim upon which the relief sought may be had. The motion to dismiss is therefore granted. Unless plaintiff requests leave to amend its complaint within twenty days from the date of filing of this opinion, an order may be presented dismissing the cause of action set forth in plaintiff's complaint as to Tract A with prejudice, and with costs to the defendant Kennedy.