**CATALINA PROPERTIES, Inc.**

v.

**UNITED STATES.**

No. 500-57.

United States Court of Claims.

Oct. 8, 1958.

Madden, Judge, and Jones, Chief Judge, dissented.

Paul R. Harmel, Washington, D. C., for plaintiff. Geiger, Harmel & Schuchat, Washington, D. C., were on the brief.

Robert Livingston, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

LARAMORE, Judge.

This case comes before the court on defendant's motion to dismiss on the grounds that the petition fails to state a claim upon which relief can be granted and that this court has no jurisdiction over the subject matter of the suit. The facts as alleged in plaintiff's petition, which must be taken as true for the purposes of this motion, are as follows:

Plaintiff, a Florida corporation, owned a 99-year leasehold estate in land and a hotel building located in Miami Beach, Florida, which had been subleased to various persons for a period of seven years from December 1, 1948 to November 30, 1955. The rent reserved under the sublease was payable in installments between December 15 and March 15 of each calendar year. On or about December 9, 1952, a jeopardy assessment in the sum of $93,096.72 was made against plaintiff as the alleged transferee of a

transferee of one Gilbert Smollin against whom assessments in that amount had been made for income taxes, interest and penalties, allegedly due the defendant for each of the years 1947 to 1950, inclusive. A few days later plaintiff's sublessees were directed to pay the rentals due plaintiff to the Director of Internal Revenue for the Jacksonville, Florida, district by virtue of a levy and the filing of a Federal tax lien upon plaintiff's right to receive the rentals. Despite assurances and guaranties by plaintiff that it would not deplete its assets, the District Director refused to withdraw the assessment or to release the lien. The District Director failed to collect the rent due plaintiff from the sublessees for the period December 15, 1952 to March 15, 1953, and the sublessees' indebtedness to plaintiff subsequently became uncollectible and without value resulting in a loss of $29,425.01 which is the amount herein sought by the plaintiff.

■ The petition alleges that plaintiff is not a transferee of any property belonging to Gilbert Smollin and was not obligated to the defendant upon said alleged income taxes. It also alleges that the collector failed to release the levy or collect the rents knowing full well that if this was not done during the winter months when the rent was due and owing the rentals would be irretrievably lost. It is plaintiff's assertion that it has a claim within the jurisdiction of this court founded upon the Fifth Amendment to the Constitution or an implied contract, 28 U.S.C. (Supp. III, 1952 Ed.) § 1491. Treating the facts as alleged in the light most favorable to the plaintiff, we must reluctantly hold that it fails to state a claim over which this court may assert its jurisdiction.

■ The action of the collector in distraining plaintiff's rentals was unauthorized if, as alleged, plaintiff was neither the taxpayer nor a transferee of the taxpayer, 26 U.S.C. (1952 Ed.) § 3690. In Kirkendall v. United States, 31 F. Supp. 766, 90 Ct.Cl. 606, we held that

where the collector levied a warrant of distraint and collected monies of a third party not liable for the tax there arose "an implied contract on the part of the Government to make restitution to the rightful owner under the Tucker Act and this court has jurisdiction to entertain the suit". The fatal distinction between the present case and Kirkendall is that in Kirkendall the money sued for was in fact collected and applied to the tax debt, whereas in this case the money never reached the coffers of the Federal Government. Under such circumstances no implied contract could exist requiring the defendant to return money which it had not received.

■ This same argument holds true for a claim under the Fifth Amendment which requires that private property shall not be taken for public use without just compensation. Assuming that the right to rents is property subject to a Fifth Amendment taking, it cannot be said that this right was taken by the collector for a public use. It is true that the collector distrained the rents which effectively prohibited plaintiff's collection, but the funds so distrained never inured to the public. There is no statute which permits the collector to levy on property belonging to third parties not liable for the tax. As was said in Stuart v. Willis, 9 Cir., 244 F.2d 925, 929:

"* * * In fact, it may be generally stated as a principle of our federal tax law that the power of the Collector never extends beyond the rights of the taxpayer upon whose property the levy is sought. The Collector has rights ' "no higher than those of the taxpayer whose right to property is sought to be levied on." ' [F. H. McGraw & Co. v. Sherman Plastering Co., D.C., 60 F.Supp. 504, 512.]"

It follows that a suit for the consequences of an unauthorized taking is not a claim founded upon the Fifth Amendment to the Constitution [1] but sounds in

1. United States v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Vansant v. United States, 75 Ct.Cl. 562.

tort and jurisdiction in such cases is specifically denied to this court, 28 U.S.C. § 1491.[2]

Defendant's motion to dismiss is granted, and plaintiff's petition is dismissed.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

MADDEN, Judge (dissenting).

The court reluctantly decides that the petition does not state a claim over which the court has jurisdiction. I respectfully disagree with the decision which the court feels compelled to make.

A chose in action, such as the claim for rent which the plaintiff had against its sublessees is, of course, property, for all purposes, and is property within the meaning of the Constitution. If the Government sees fit to take choses in action, e. g. shares of stock owned by an alien, for a public purpose, it must give just compensation unless under some valid rule of law it has the right to forfeit the property.

It is hard to imagine a more public purpose for the taking of property than the purpose of collecting the Government's taxes. The plaintiff's choses in action were taken for that purpose. We may assume, contrary to the assertion in the plaintiff's petition, that the plaintiff was a transferee of a taxpayer, and was liable for the taxes. Upon that assumption, the taking was lawful, and if the chose in action had been reduced to possession by the Government, and applied to the payment of the taxes, the plaintiff would have had no cause to complain.

If the Government needs a building for the duration of a war, or an army training period, and takes possession of it, and the building is unroofed by a storm, and the Government allows the building to be destroyed by continued exposure to the weather, the owner is entitled to just compensation. The just compensation would not be limited to the value of the use of the building for the temporary period. It would include the harm done to the building by reason of the Government's possession, even though the taking of possession was entirely lawful.

In the instant case, on the assumption that the plaintiff was, as transferee, liable for the tax, the taking, i. e., the levy on the chose in action was lawful. But the result of the taking was the destruction of the value of the chose in action taken. Instead of the Government getting its taxes, and the plaintiff getting its taxes paid, the property was allowed to go to waste, with no benefit to either.

When property has been taken by the Government and the owner has been excluded from possession and management of it, I think the Government becomes responsible for the reasonably prudent care and management of the property. To the extent that that management results in a benefit to the owner, as by getting his taxes paid, or results in no loss to the owner, as when the property is restored to him undamaged, he has of course no claim for compensation for harm done to the property while in the Government's possession.

If a tax collector lawfully seizes negotiable corporate bearer bonds of a taxpayer and carelessly allows them to be stolen and they come into the hands of a bona fide purchaser, the Government does not get its taxes. Surely the taxpayer, whose property has been destroyed while under the control of the Government, is entitled to just compensation.

The Government urges that the destruction of the plaintiff's property was a tort, and that, therefore this court has no original jurisdiction to redress the wrong. The fact that a taking of property, or of an interest in it, is a tort,

2. It should be said in passing that plaintiff was not without its remedies in this situation. It could have brought an action to quash the levy or to enjoin the collector from collecting the intangible obligation. Holland v. Nix, 5 Cir., 214 F. 2d 317.

does not prevent it from being a taking within the meaning of the Constitution. United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; Foster v. United States, 120 Ct.Cl. 93, 98 F.Supp. 349. It would seem to follow that tortious mistreatment of property, even after a lawful taking of the temporary custody of it, would entitle the owner to compensation.

I have not considered the case on the basis of the plaintiff's allegation that it was not, in fact, a transferee of the person who owed the tax and was not, therefore liable for the tax. I have the impression that the plaintiff's case would, in that posture, be stronger, but I would not decide that question at this stage of the proceeding.

I would deny the defendant's motion to dismiss the petition.

JONES, Chief Judge, joins in the foregoing dissenting opinion.