**ATLANTIC TOBACCO CO., Inc.,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**
**Civ. A. No. 8209.**

United States District Court
D. South Carolina,
Charleston Division.

Feb. 8, 1966.

Joseph R. Young, Young, Clement & Rivers, Charleston, S.C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Columbia, S.C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S.C., for defendant.

WYCHE, District Judge.

Plaintiff seeks in this action to recover the sum of Three Thousand, Seven Hundred, Four and 16/100 ($3,704.16) Dollars, the value of cigarettes it alleges it delivered at the request of the defendant during the period from June 1, 1960, to December 31, 1960, for which plaintiff has received no payment. The action is brought under 28 U.S.C.A. 1346(a)(2), and was tried before me without a jury.

In compliance with Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## FINDINGS OF FACT

During the period of time covered by the complaint, plaintiff held a contract to furnish specified goods to ships of the United States Navy in the area of Charleston, South Carolina.

The USS EVERGLADES was among the ships of the United States Navy to be supplied under this contract.

L. N. Lokey, LTJG, S.C., U.S.N.R., the Clothing and Ship's Stores Officer, was the only person authorized to execute an order under the contract for the USS EVERGLADES.

On seven separate occasions between June 10, 1960, and November 7, 1960, Eldred Edward Morris, SH–3, a seaman aboard the USS EVERGLADES, placed orders with plaintiff and received cigarettes of a total value of Three Thousand, Seven Hundred, Four and 16/100 ($3,704.16) Dollars.

These orders were not authorized by L. N. Lokey and the cigarettes were never received by the USS EVERGLADES.

The purchase orders were fraudulently prepared by Morris and bore the forged signature of L. N. Lokey.

Eldred Edward Morris had no authority to place the orders or to receive the cigarettes.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and of the subject matter of this action.

Whether or not plaintiff can recover in this case depends upon the actual authority of Eldred Edward Morris, who placed the orders and received the ciga-

rettes, to act on behalf of the United States.

In the case of Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 383, 68 S.Ct. 1, 2, 92 L.Ed. 10 (1947), the Supreme Court states the rule to be applied in transactions with agents of the United States, as follows: "The case no doubt presents phases of hardship. We take for granted that, on the basis of what they were told by the Corporation's local agent, the respondents reasonably believed that their entire crop was covered by petitioner's insurance. And so we assume that recovery could be had against a private insurance company. But the Corporation is not a private insurance company. It is too late in the day to urge that the Government is just another private litigant, for purposes of charging it with liability, whenever it takes over a business theretofore conducted by private enterprise or engages in competition with private ventures. Government is not partly public or partly private, depending upon the governmental pedigree of the type of a particular activity or the manner in which the Government conducts it. The Government may carry on its operations through conventional executive agencies or through corporate forms especially created for defined ends. See Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 390 [59 S.Ct. 516, 83 L.Ed. 784]. Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. See, e. g., Utah Power & Light Co. v. United States, 243 U.S. 389, 409 [37 S.Ct. 387, 61 L.Ed. 791]; United States v. Stewart, 311 U.S. 60, 70 [61 S.Ct. 102, 85 L.Ed. 40],

and see, generally, In re Floyd Acceptances, 7 Wall. 666, 19 L.Ed. 169."

In passing on the authority of an individual to bind the United States, the Court of Appeals for the Fourth Circuit, in the case of United States v. Willis, 4 Cir., 164 F.2d 453, 455 (1947), in an opinion by the late Judge Parker, held, "Under such circumstances, we think it perfectly clear that the United States cannot be held to liability on the theory that there was a contract between plaintiff and an officer of the government. He who deals with an agent of the government must look to his authority, which will not be presumed but must be established. He cannot rely upon the scope of dealing or apparent authority as in the case of a private agent. Sutton v. United States, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099, 19 A.L.R. 403; United States v. North American Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Whiteside v. United States, 93 U.S. 247, 256-257, 23 L.Ed. 882; The Floyd Acceptances, 7 Wall. 666, 676, 677, 19 L.Ed. 169."

A similar decision was reached in the more recent case of Blake Construction Company v. United States, (1961), 111 U.S.App.D.C. 271, 296 F.2d 393, 396, in which the Court stated: "In dealings with the government, unlike those with private parties, one is charged with knowledge of the extent of the actual authority of the government's contracting agent since no agent of the government can hold out to have any authority not sanctioned by law. However difficult the process may be, his actual authority can be ascertained. National Electronic Labs., Inc. v. United States, Ct.Cl.1960, 180 F.Supp. 337, 341–342. The size and complexity of government makes this rule necessary, and the public nature of the instruments such as statutes, executive orders and regulations granting and limiting authority makes it the only feasible rule."

■ Plaintiff cannot rely on a course of conduct to establish authority in Eldred Edward Morris to bind defendant.

Under the foregoing authorities it is my opinion that Morris, having no authority to place the orders or to receive the cigarettes, plaintiff is not entitled to any relief and the defendant is entitled to judgment.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.